UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
ELERDY FERNANDEZ

                Index No. 25-CV-1491

     v.

                **COMPLAINT**

CITY OF NEW YORK and
POLICE OFFICER JENNYFER N. MATOS,    Plaintiff Demands Trial by Jury

     Defendants.
--------------------------------------------------------X

     Plaintiff ELERDY FERNANDEZ, by and through her attorney, Alexis G. Padilla, complaining of the defendants, CITY OF NEW YORK and POLICE OFFICER JENNYFER N. MATOS, upon information and belief alleges as follows:

## PRELIMINARY STATEMENT

     1.     This is a civil rights action in which the plaintiff, ELERDY FERNANDEZ, seeks relief for the defendants' violation of her rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

     2.     This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

     3.     Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim involve a party which maintains its place of business within the Southern District of New York.

**JURY TRIAL DEMANDED**

4. Plaintiff demands a trial by jury on each and every one of her claims as pleaded herein.

**PARTIES**

5. Plaintiff ELERDY FERNANDEZ is a United States citizen of full age and a resident of Bronx County, New York.

6. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police department and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the defendant police officers.

7. Defendant POLICE OFFICER JENNYFER N. MATOS was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant POLICE OFFICERS MATOS acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of her duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in her by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of her lawful functions in the course of her duties. She is sued individually and in her official capacity.

## **STATEMENT OF FACTS**

8. At approximately 4:20 A.M., on September 15, 2024, at the corner of Jerome Avenue and E. 183rd Street in the Bronx, plaintiff ELERDY FERNANDEZ was lawfully present in the passenger seat of a vehicle when police officers, including defendant POLICE OFFICER JENNYFER N. MATOS stopped the vehicle.

9. Defendant P.O. MATOS approached the passenger side of the vehicle and asked plaintiff to exit the vehicle.

10. Once plaintiff was out of the vehicle, defendant P.O. MATOS took her into custody without probable cause.

11. In doing so, defendant P.O. Matos deployed an excessive level of force, including but not limited to throwing plaintiff to the ground and kneeling on her back.

12. After plaintiff was taken into custody, she was transported to the 46th Precinct of the NYPD, where she was placed in a cell.

13. Plaintiff remained in that cell for several hours before she was transported to Central Booking.

14. Upon information and belief, plaintiff's arrest charge at the 46th Precinct was for felony Assault on an Officer. At Central Booking, she was charged with the infraction of Obstructing Governmental Administration.

15. All charges against plaintiff were eventually dismissed.

16. As a result of the excessive use of force by defendant P.O. MATOS, plaintiff suffered cuts, bruises and persistent pain.

17. At no time during the events described in this Complaint did plaintiff commit any act for which the level of force used against her would be a reasonable response.

18. At no time during the events described in this Complaint did plaintiff commit any act for which she could be lawfully arrested.

19. At no time during the events described in this Complaint did defendant P.O. MATOS have any justification to deploy the level of force used against plaintiff.

20. At no time during the events described in this Complaint did defendant P.O. MATOS have probable cause to arrest plaintiff.

21. As a result of the illegal and excessive use of force by defendant P.O. MATOS, plaintiff did suffer injury, including but not limited to the physical injuries described herein.

22. As a result of the illegal use of arrest power by defendant P.O. MATOS, plaintiff did suffer injury, including but not limited to the loss of liberty described herein.

## AS FOR A FIRST CAUSE OF ACTION

***Excessive Force as against Defendant POLICE OFFICER JENNYFER N. MATOS in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983***

23. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

24. At all times during the events described above defendant P.O. MATOS lacked probable cause to use force against plaintiff.

25. All of the aforementioned acts of defendant P.O. MATOS were carried out under the color of state law.

26. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

27. The acts complained of were carried out by defendant P.O. MATOS in her capacity as a police officer, with all actual and/or apparent authority afforded thereto.

28. The acts complained of resulted in pain and injury to plaintiff.

29. The acts complained of deprived plaintiff of her right to be free from excessive force.

## AS FOR A SECOND CAUSE OF ACTION

*False Arrest as against Defendant JENNYFER N. MATOS in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983*

30. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

31. At all times during the events described above defendant P.O. MATOS lacked probable cause to arrest plaintiff.

32. All of the aforementioned acts of defendant P.O. MATOS were carried out under the color of state law.

33. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

34. The acts complained of were carried out by defendant P.O. MATOS in her capacity as a police officer, with all actual and/or apparent authority afforded thereto.

35. The arrest complained of resulted in plaintiff's unlawful loss of liberty.

36. The acts complained of deprived plaintiff of her right to be free from false arrest.

## **AS FOR A THIRD CAUSE OF ACTION**

*Municipal Liability pursuant to 42 U.S.C. § 1983 as against defendant CITY OF NEW YORK*

37. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

38. The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiff and is liable for the damages suffered by plaintiff as a result of the conduct of defendant P.O. MATOS. The conduct of defendant P.O. MATOS was a direct consequence of inadequate training and supervision of police officers by defendant CITY OF NEW YORK and its agent, the New York Police Department.

39. At all times relevant to this complaint defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that allowed for a police officer to arrest a citizen without probable cause and in flagrant violation of their sworn oath to uphold the Constitution.

40. At all times relevant to this Complaint, it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage the misuse of arrest power as described in this Complaint.

41. As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendant on the day in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated. The wrongful polices, practices and customs complained of herein, demonstrates a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of plaintiff's rights alleged herein.

**WHEREFORE,** plaintiff demands relief jointly and severally against all of the defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated:  February 10, 2025
         New York, NY

By:      /s/Alexis G. Padilla
Alexis G. Padilla, Esq. [AP7400]
*Attorney for Plaintiff*
*Elerdy Fernandez*
378 Lewis Ave. #6
Brooklyn, NY 11233
Tel. 917 238-2993
alexpadilla722@gmail.com